United States Magistrate Court
DSQ-SDTX
FILED

MAY 29 2024  2B

Nathan Ochsner, Clerk
Laredo Division

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 5:23-CR-01402 |
| AARON HERNANDEZ TN: GILBERTO AARON HERNANDEZ-GONZALEZ, | § § § | |
| Defendant | § | |

## PLEA AGREEMENT

The United States of America, by and through Alamdar S. Hamdani, United States Attorney for the Southern District of Texas, and Christine A. Cortez, Assistant United States Attorney, and the defendant, Aaron Hernandez TN: Gilberto Aaron Hernandez-Gonzalez ("Defendant"), and Defendant's counsel, David Castillo, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

**Defendant's Agreement**

1. Defendant agrees to plead guilty to Counts 1 and 4 of the Indictment. Count 1 charges Defendant with **Sexual Exploitation of a Child**, in violation of Title 18, United States Code, Section 2251(a) and (e). Count 4 charges Defendant with **Possession of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2. The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 2251(a) and (e), is imprisonment for not less than 15 years and not greater than 30 years and a fine of not more than $250,000.00. The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2), is imprisonment for not more than 20 years and a fine of not more than $250,000.00. With a conviction for Counts 1 and 4, there is mandatory restitution under Title 18, United States Code, Section 2259 which is not less than $3,000.00 per victim. Additionally, under both Counts 1 and 4, Defendant may receive a term of supervised release after imprisonment of at least 5 years to life. *See* Title 18, United States Code, sections Section 3583(k). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(k). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4. Pursuant to Title 18, United States Code, Section 3014(a)(3), the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United

States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

5. Pursuant to Title 18, United States Code, Section 2259A, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the Court shall assess no more than

> (1) $17,000.00 if the Defendant is convicted of 18 U.S.C. §2252(a)(4) or §2252A(a)(5);
>
> (2) $35,000.00 if the Defendant is convicted of any other trafficking in child pornography offenses as defined by §2259(c)(3), which includes offenses under 18 U.S.C. §§2251 (d), 2252(a)(1) through (3), 2252A(a)(1) through (4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b);
>
> (3) $50,000.00 if the Defendant is convicted of child pornography production as defined by 18 U.S.C. §2259(c)(1), which includes offenses under 18 U.S.C. §2251(a) through (c), 2251A, 2252A(g) (in chase in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography.

The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention:

Finance.

## Immigration Consequences

6. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal and Collateral Review

7. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United

States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

10. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Counts 1 and 4 of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding - Southern District of Texas Only

11. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other

United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

12. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

13. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence

up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

14. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

>   (a)     If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

>   (b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

>   (c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

15. Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts 1 and 4 of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offenses of enticement of a minor and possession of child pornography beyond a reasonable doubt. The following facts, among others would be offered to establish the Defendant's guilt:

On August 21, 2023, Homeland Security Investigations (HSI) Laredo, Texas received a CyberTipline Report (CT) from the National Center for Missing and Exploited Children (NCMEC). The CT identified an Internet Protocol (IP) address that geolocated to Laredo, Texas, as an IP address that uploaded child sexual abuse material (CSAM) through WhatsApp on March 25, 2023. WhatsApp provided the suspect's mobile phone number, IP address, phone number, and name of the suspect, which matched the Defendant's name.

On or about August 21, 2023, HSI shared the CT with the Federal Bureau of Investigation (FBI). FBI Special Agent Rio Manning reviewed the video file associated with the CT. The video was consistent with CSAM and depicted a female child approximately eleven to thirteen years of age having vaginal sex with an adult male. This video is approximately thirty seconds long.

On August 22, 2023, FBI Laredo issued an administrative subpoena to Charter Communications Inc. to identify the individual assigned to the IP address on March 25, 2023, and Charter Communications provided the IP address was registered to a person in the Defendant's household in Laredo, Texas.

On October 30, 2023, the FBI, along with the Laredo Child Exploitation Task Force (LCETF), executed a search warrant of the Defendant's home and seized one red and black Studio X10+ cell phone, one black/green Motorola cell phone, one black and maroon Motorola cell phone, and one black Cooler Master desktop computer.

FBI Special Agents (SA) Agent Stein and Rio Manning and Texas Department of Public Safety Investigator Abraham Lugo interviewed the Defendant. After Miranda Rights advisement and waiver, the Defendant admitted to sending the video associated with the CT to a WhatsApp group. He said he came across the video on a porn website and downloaded it from the Internet.

The Defendant further admitted he had at least two videos containing CSAM on his computer and at least one video containing CSAM on his cell phone.

Agent Stein reviewed evidence contained inside the Defendant's electronic devices. SA Stein found nineteen (19) files consistent with Child Sexual Abuse Material CSAM) in Hernandez's green/black Motorola cell phone. These files include nine (9) videos and ten (10) images of CSAM. Of the nineteen (19) files, eleven (11) media files were self-produced content. Hernandez produced ~~these videos~~ this video as CC AH while sexually assaulting a four-year-old. Of the self-produced content, one (1) is a video and ten (10) are images. The files were produced on August 10, 2023 and October 16, 2023. The Defendant used his green/black Motorola cell phone to produce the video. The phone was manufactured in China and includes multiple chipsets that were manufactured in China or Taiwan.

One of the self-produced videos depicts a four-year-old female child lying face down on a bed. An adult male stands over her, straddling her legs. The female child has her panties pulled down around her knees, exposing her vagina. The adult male is seen pressing his erect penis onto the female child's vagina. The adult male pulls his penis away from her vagina area and a white clear substance is seen coming out of his penis. The adult male's penis stays erect during the duration of the video. The female child can be seen getting off the bed and pulling up her panties. The female child then goes to the door of the bedroom and cracks the door open while calling for her mom. The adult male then shuts the door and pulls the female child back towards the bed. The video ends with the camera face down in what appears to be the bed covers. This video is approximately forty-eight seconds long.

In addition to the nineteen (19) files containing CSAM found inside the cell phone, Agent Stein found two videos consistent with CSAM on Hernandez's desktop computer. One video depicts the following:

A naked eight-to-ten-year-old female child lying naked on a bed while an adult male stands over her pelvic region. The adult male's penis is erect as he penetrates the female child's vagina. This video had no sound. The length of the video is approximately three minutes and thirty-two seconds.

### Breach of Plea Agreement

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

17. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

18. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

20. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

21. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss in an amount to be determined either before sentencing or within 90 days of the sentencing hearing. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s) pursuant to Title 18, United States Code, Section 2259(b)(2). Defendant understands that the amount is to be no less than $3,000.00 per victim. Defendant agrees that restitution imposed by the Court will be due and payable

immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

22. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture:

**One (1) red and black BLU Studio X10+ Cellular Phone**

**One (1) black/green Motorola Cellular Phone**

**One (1) black and maroon Motorola Cellular Phone**

**One (1) black Cooler Master desktop computer**

23. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

24. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

25. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

26. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any

imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Notification of the Sex Offender Registration and Notification Act

27. Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

## Complete Agreement

28. This written plea agreement, consisting of 16 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

29. Any modification of this plea agreement must be in writing and signed by all parties.

_____
Aaron Hernandez
TN: Gilberto Aaron Hernandez-Gonzalez
Defendant

APPROVED:

Alamdar S. Hamdani
United States Attorney

By: _____        _____
Christine A. Cortez                 David Castillo
Assistant United States Attorney    Attorney for Defendant